FILED
John E. Triplett, Acting Clerk
United States District Court

*By mgarcia at 9:01 am, Nov 30, 2020*



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | |
|---|---|
| DOMINIQUE D. MIKEL,<br><br>       Plaintiff,<br><br>   v.<br><br>CLAXTON POULTRY FARMS, INC.; and<br>MIKE BLAND,<br><br>       Defendants. | CIVIL ACTION NO.: 6:19-cv-118 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1]  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal..  I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

---

[1] Plaintiff filed his Complaint on this Court's standard 42 U.S.C. § 1983 form for pro se prisoner-plaintiffs.  Doc. 1.  However, while Plaintiff states explicitly "this is not a prison issue," it appears Plaintiff was in a transition center at the time giving rise to the facts alleged.  Id. at 4–5.  Thus, the Court addresses Plaintiff's allegations.

## PLAINTIFF'S CLAIMS[2]

Plaintiff is currently incarcerated at Jenkins Correctional Center in Millen, Georgia. Doc. 1 at 3.  Plaintiff claims that on October 21, 2019, while working at Claxton Poultry Farms, Inc., he was accused of drinking on the job.  Id. at 5.  Plaintiff was taken to the office of Defendant Mike Bland, the plant supervisor.  Id.  Defendant Bland did not have the correct tubes for a breathalyzer, so he could not administer one, and no other diagnostic test was administered while at the plant.  Id.  Plaintiff was terminated from his employment.  Id.  Plaintiff then returned to Smith Transition Center, where he was administered two breathalyzer tests.  Id.  Plaintiff states both breathalyzer tests showed no indication of alcohol on his breath.  Id.  Plaintiff names as Defendants Claxton Poultry Farms, Inc. ("Claxton") and Mike Bland, the plant supervisor.  Id. at 1, 4.  As relief, Plaintiff seeks lost wages totaling $18,130.  Id. at 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

---

[2] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.     Plaintiff's 42 U.S.C. § 1983 Claims**

Although Plaintiff filed his Complaint on this Court's § 1983 form for pro se plaintiffs, Plaintiff states his Complaint "is not a prison issue."  Doc. 1 at 4.  And although Plaintiff says this issue does not concern his incarceration, his Complaint indicates he was terminated from a job held while at a transition center and was later required to undergo a breathalyzer test by an officer at that transition center.  Id. at 5.  The basis for Plaintiff's claims is unclear, but, to the extent he brings claims under § 1983, those claims should be dismissed.

Defendants Bland and Claxton are not alleged to be state actors.  However, in order to state a claim under § 1983, a plaintiff must establish: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by*

Daniels v. Williams, 474 U.S. 327, 330–31(1986).  To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test.  The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state."  The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution."  The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."

Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993) (internal citations omitted).

Plaintiff makes no allegations that Defendants Bland or Claxton acted under color of state law.  Nor does it appear Defendants Bland and Claxton are state actors.  Moreover, Plaintiff's allegations do not indicate Defendants acted under color of state law because there are no allegations indicating Defendants performed a traditional state function, they were coerced by the state, or they were joint participants with the state in their business.  See McCall v. South Cent. Steel, Inc., No. 2:13-cv-241, 2015 WL 4550386, at *3 (N.D. Ala. July 28, 2015) (finding company that employed prisoner on work release not a state actor for the purposes of § 1983).

Further, there is no indication Plaintiff's constitutional rights have been violated.  Incarcerated persons do not have a protected property interest in a particular job assignment, nor do they have any expectation of keeping a certain job.  Searcy v. Prison Rehab Indus. & ENT, Inc., 746 F. App'x 790, 795 (11th Cir. 2018) (citing Adams v. James, 784 F.2d 1077, 1079–80 (11th Cir. 1986)); see also Callender v. Sioux City Residential Treatment Program, 88 F.3d 666, 669 (8th Cir. 1996) (finding there is not a state-created liberty interest in an inmate's continued participation in a work release program in light of Sandin v. Conner, 515 U.S. 472 (1995));

Dominique v. Weld, 73 F.3d 1156, 1159–61 (1st Cir. 1996) (same).  For these reasons, to the extent Plaintiff brings these claims under § 1983, his claims should be dismissed.

## II.     Jurisdiction Over Plaintiff's Claims

Plaintiff states in his Complaint his claims do not concern a "prison issue."  Doc. 1 at 4. Plaintiff complains he was wrongfully terminated, and he seeks lost wages, so it may be that Plaintiff intends to assert claims arising out of some area of law other than the United States Constitution and § 1983.

Subject-matter jurisdiction is the statutorily conferred power of the court to hear a class of cases.  In re Trusted Net Media Holdings, LLC, 550 F.3d 1035, 1044 (11th Cir. 2008). Federal courts have limited subject-matter jurisdiction.  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260–61 (11th Cir. 2000).  "[A] federal court must inquire sua sponte into the issue [of subject-matter jurisdiction] whenever it appears that jurisdiction may be lacking."  Id. at 1261; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Parties cannot waive the subject-matter jurisdiction requirement.  Latin Am. Prop. & Casualty Ins. Co. v. Hi-Lift Marina, Inc., 887 F.2d 1477, 1479 (11th Cir. 1989).

### A.     Federal Question Jurisdiction

Under 28 U.S.C. § 1331, a federal court may exercise jurisdiction over a case if it presents a question of federal law.  "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute."  Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The federal question must form an essential element of the plaintiff's cause of action. Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). In determining the presence of a federal question, the court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint. See Mosher v. City of Phoenix, 287 U.S. 29, 30 (1932). Here, aside from the ostensible § 1983 claims addressed above, Plaintiff has not pleaded a federal cause of action, and it does not appear a federal question exists as to his claims.

### B. Diversity Jurisdiction

Federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. A plaintiff need only plead an amount sufficient to satisfy the amount-in-controversy requirement in good faith. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). The plaintiff's good-faith pleading will be second guessed only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Here, Plaintiff seeks as relief $18,130, which is well below the amount-in-controversy requirement necessary for the federal court to have jurisdiction. In addition, Plaintiff does not contend he brings suit against "citizens of different states." Thus, the Court lacks subject matter jurisdiction over Plaintiff's claims.

For these reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.

## III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of November, 2020.

*[Signature]*

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA